IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

EDWARD HURTWITZ,

    Plaintiff,

vs.

CREDIT PROTECTION ASSOCIATION,

    Defendant.

Case #. 2:13-cv-14392-AC-RSW

## DEFENDANT'S MOTION TO DISMISS

NOW COMES Defendant, CREDIT PROTECTION ASSOCIATION, LP. ("CPA."), by and through its attorneys, Justin M. Penn and Avanti D. Bakane of Hinshaw & Culbertson LLP, and moves to dismiss Plaintiff's Complaint with prejudice under Fed. R. Civ. P. 12(b)(6) because the Complaint fails to state a cause of action upon which relief can be granted, and because Plaintiff has not pled facts from which a claim can be established. CPA refers this Court to the argument and authority set forth in the accompanying Brief in Support of Defendant's Motion to Dismiss.

Pursuant to Eastern District of Michigan Local Rule 7.1, CPA, as movant, has sought but did not obtain concurrence from Plaintiff in the relief sought, requiring this motion.

Dated: October 24, 2013

Respectfully submitted,

CREDIT PROTECTION ASSOCIATION,
LP, Defendant

By:   /s/ *Avanti D. Bakane*
      Justin M. Penn
      Avanti D. Bakane
      Hinshaw & Culbertson LLP
      222 N. LaSalle Street, Suite 300
      Chicago, IL 60601
      Tel: 312-704-3000
      Fax: 312-704-3001
      E-mail: abakane@hinshawlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

EDWARD HURTWITZ,

        Plaintiff,

Case #. 2:13-cv-14392-AC-RSW

vs.

CREDIT PROTECTION ASSOCIATION,

        Defendant.

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | CONCISE STATEMENT OF THE ISSUES PRESENTED | 6 |
| II. | CONTROLLING OR MOST APPROPRIATE AUTHORITY | 7 |
| III. | INTRODUCTION | 8 |
| IV. | STATEMENT OF FACTS | 8 |
| V. | STANDARD OF REVIEW | 9 |
| VI. | ARGUMENT | 10 |
| | A. Plaintiff's claims under the FDCPA, 15 U.S.C. §1692 *et seq.*, fail because the complaint fails to state a claim upon which relief can be granted. | 10 |
| | B. Plaintiff's claims under the FCRA, 15 U.S.C. § 1681 *et seq.*, should be dismissed because the complaint fails to set forth claims upon which relief can be granted under the statute as a matter of law. | 11 |
| | C. Plaintiff's claims under the TCPA, 47 U.S.C. § 227 *et seq.*, also should be dismissed because the complaint fails to set forth claims upon which relief can be granted under the statute as a matter of law. | 14 |
| VII. | CONCLUSION | 16 |

130675609v1 0951733

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*Ashcroft v. Iqbal,*
    566 U.S. 662 (2009) ............................................................................................... 8, 9, 10, 16

*Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio,*
    502 F.3d 545 (6th Cir. 2007) ....................................................................................... 9

*Barkho v. Homecomings Financial, LLC,*
    657 F. Supp. 2d 857 (E.D. Mich. 2009) ..................................................................... 12

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ..................................................................................................... 9

*Broyde v. Gotham Tower, Inc.,*
    13 F.3d 994 (6th Cir. 1994) ......................................................................................... 9

*Downs v. Clayton Homes, Inc.,*
    88 F. App'x 851 (6th Cir. 2004) ................................................................................ 13

*Elsady v. Rapid Global Business Solutions, Inc.,*
    No. 09-11659, 2010 WL 742900 (E. D. Mich. February 26, 2010) ........................ 12

*In Gorman v. Wolpoff & Abramson, LLP,*
    584 F.3d 1147 (9th Cir. 2009) ................................................................................... 13

*Mayer v. Mylod,*
    988 F.2d 635 (6th Cir. 1993) ....................................................................................... 8

*Mayer v. Mylod,*
    998 F.2d 635 (6th Cir. 1993) ....................................................................................... 9

*Montgomery v. Huntington Bank,*
    346 F.3d 693 (6th Cir. 2003) ....................................................................................... 9

*Noel v. First Premier Bank,*
    No. 3:12-CV-50, 2012 WL 832992 (M.D. Pa. Mar. 12, 2012) ................................ 13

*Pugliese v. Prof'l Recovery Serv., Inc.,*
    No. 09-12262, 2010 WL 2632562 (E.D. Mich. June 29, 2010) ............................... 15

*RMI Titanium Co. v. Westinghouse Elec. Corp.,*
    78 F.3d 1125 (6th Cir. 1996) ....................................................................................... 9

*Smith v. Transworld Sys., Inc.,*
    953 F.2d 1025 (6th Cir. 1992) ................................................................................... 11

**Statutes**

15 U.S.C. 1681 § 2(a)(8)(D) ............................................................................................................. 14

15 U.S.C. 1681 § 2(a)(8)(F) .............................................................................................................. 14

15 U.S.C. 1681s-2(b) ....................................................................................................................... 13

15 U.S.C. § 1681(c)(1)(B) ......................................................................................................... 12, 13

15 U.S.C. §§ 1681n ......................................................................................................................... 12

15 U.S.C. § 1681s-2 ........................................................................................................................ 12

15 U.S.C. § 1681s-2(a) .................................................................................................................... 13

15 U.S.C. § 1681s-2(a)(8)(D), (F) ................................................................................................... 13

15 U.S.C. § 1681s-2(b) .................................................................................................................... 13

47 U.S.C. § 227(a)(1) ...................................................................................................................... 15

47 U.S.C. § 227(b)(1) ...................................................................................................................... 15

15 USC §1692g(a) ........................................................................................................................... 11

15 USC §1692g(b) ........................................................................................................................... 11

Fair Credit Reporting Act ................................................................................................................ 12

Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ................................................................. 8, 11

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ................................................... 8, 10

Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* .................................................. 8, 14

130675609v1 0951733

## I. CONCISE STATEMENT OF THE ISSUES PRESENTED

1. Whether Plaintiff's Complaint has stated a cause of action upon which relief can be granted under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq.?

   Plaintiff's answer: "Yes".

   Defendant's answer: "No".

2. Whether Plaintiff's Complaint has stated a cause of action upon which relief can be granted under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.?

   Plaintiff's answer: "Yes".

   Defendant's answer: "No".

3. Whether Plaintiff's Complaint has stated a cause of action upon which relief can be granted under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.?

   Plaintiff's answer: "Yes".

   Defendant's answer: "No".

## II. CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Ashcroft v. Iqbal*, 566 U.S. 662, 677 (2009)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

*Barkho v. Homecomings Financial, LLC*, 657 F. Supp. 2d 857, 864 (E.D. Mich. 2009)

*Elsady v. Rapid Global Bus. Solutions, Inc.*, No. 09-11659, 2010 WL 742900, at *3 (E. D. Mich. February 26, 2010)

*Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1029 (6th Cir. 1992)

15 USC §1692g(b)

15 U.S.C. § 1692k(d)

15 U.S.C. § 1681(c)(1)(B)

15 U.S.C. § 1681s–2(a)(1)(D)

47 U.S.C. § 227(b)(1)

### III. INTRODUCTION

Plaintiff EDWARD HURTWITZ ("Plaintiff") seeks to recover damages from Defendant CREDIT PROTECTION ASSOCIATION, LP ("CPA"), based on assertions that CPA violated three federal statutes: the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* The sum and substance of the body of Plaintiff's Complaint, in its entirety, is:

> To whom it may concern,
>
> For my two accounts (act#'s 1372892557 & 1483356711), the defendant (Credit Protection Association) did not respond to my request for a verification investigation of my debt made early this year per the FCRA and FDCPA. They continued to collect on my debt. The Defendant is responsible for $500+ statutory damages per the FCRA and FDCPA. In addition they Defendant continued to call me multiple times on my work and also cell phone which is direct violation of the TCPA for robo calling. Defendant is responsible for statutory damages for each call made.

Plaintiff's Complaint, attached hereto as <u>Exhibit 1</u>, at p.3. In addition, on the "Affidavit and Claim" (Generic Court form) portion of the Complaint, Plaintiff states at item 7 that the date(s) the claim arose are 2010-2013. Ex. 1.

As a matter of law the plaintiff is not entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Further, the Complaint lacks sufficient factual support and fails to state a claim as a result. Hence, dismissal of Plaintiff's claims with prejudice is warranted under Fed. R. Civ. P. 12(b)(6). *Ashcroft v. Iqbal*, 566 U.S. 662, 677 (2009).

### IV. STATEMENT OF FACTS

Plaintiff filed the Complaint initiating this case in Michigan's 52-4th District Court on or about September 9, 2013. CPA subsequently removed it to this Court on the basis of federal question jurisdiction. CPA's counsel telephoned and wrote to Plaintiff informing him of its intent to file this motion and the basis for the Motion. Correspondence from defense counsel to Plaintiff

dated October 23, 2013, attached hereto as Exhibit 2. As discussed more fully below, Mr. Hurtwitz' complaint looks regrettably and suspiciously similar to other complaints filed by other pro se plaintiffs recently that defense counsel and their colleagues have been defending, that bear the hallmarks of frivolity, and whose filers typically disappear and fail to prosecute them once an attorney steps in for the defense. Nearly identical complaints filed by Plaintiff and other pro se Plaintiffs, attached hereto as Group Exhibit 3. In fact, Plaintiff filed two substantially identical complaints against two additional debt collectors on the same date he filed the instant suit. Ex. 3 at pp. 1-3, 4-5.

## V. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). When considering a motion to dismiss, the Court must accept as true all factual allegations in the complaint. *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994). The purpose of a motion to dismiss for failure to state a claim is to allow the defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 998 F.2d 635, 638 (6th Cir. 1993).

Where a complaint fails to state a claim because it lacks sufficient factual support, a motion to dismiss is also proper. *Ashcroft v. Iqbal*, 566 U.S. 662, 677 (2009). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 696. To survive a Rule 12(b)(6) motion to dismiss, the Complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). See also *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). The Court "need not accept as true, legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d

693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In deciding whether the plaintiff has set forth a plausible claim, the Court accepts the factual allegations in the complaint as true, but this presumption is not applicable to legal conclusions. *Iqbal, supra.*

## VI. ARGUMENT

**A.   Plaintiff's claims under the FDCPA, 15 U.S.C. §1692 *et seq.*, fail because the complaint fails to state a claim upon which relief can be granted.**

The Complaint asserts that CPA is liable for damages to Plaintiff under the FDCPA[1] because CPA "did not respond to my request for a verification investigation of my debt made early this year per the FCRA and FDCPA. They continued to collect on my debt." Ex. 1 at p. 3. Even if these allegations were true, the Complaint fails to set forth elements necessary to state a valid claim for relief under the FDCPA.

First, the FDCPA does not impose any requirements upon debt collectors in connection with a "request for a verification investigation." Therefore, any and all FDCPA claims reliant upon such a request to create obligations on CPA's behalf fail as a matter of law. Even if this Court stretches Plaintiff's bare assertion to find that Plaintiff may have intended to reference the potential obligations that arise for debt collectors when they receive written notices of dispute of debts, or a written request to provide the name and address of the original creditor to the consumer from whom the debt collector is seeking to collect a debt, the Complaint still fails to state a valid FDCPA claim and must be dismissed.

The FDCPA provision that sets forth a debt collector's obligations upon receipt of either a dispute or a request for original creditor information states:

> If the consumer notifies the debt collector <u>in writing</u> within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion

---

[1] Plaintiff similarly bases his FCRA on this allegation. CPA will discuss Plaintiff's failure to state a claim under the FCRA *infra*, in Section II.

10

> thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector <u>in writing</u> that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor.

15 USC §1692g(b)(emphasis added.) The "thirty-day period" at issue is that delineated in 15 USC §1692g(a), which commences with the consumer's receipt of either: (1) an initial communication; or (2) a written notice of debt from the debt collector containing the information set forth in that section of the Act to the consumer.

The Complaint does not even allege, much less factually support, that Plaintiff sent CPA a written notice of dispute or a written request for the name and address of the original creditor (or any other written request) within the requisite 30 day period.[2] A consumer must provide written notice of the dispute within the thirty-day period. *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1029 (6th Cir. 1992). After receiving written notice, a debt collection agency can provide the requested validation or original creditor information (as applicable) and continue collecting on the debt, or it can cease collection activities. *Id.* at 1031. Hence, under both the explicit language of the FDCPA and applicable case law precedent, the complaint fails to state a claim as a matter of law and all of Plaintiff's FDCPA claims based on alleged action or inaction by CPA in relation to Plaintiff's alleged "request for a verification investigation" request should be dismissed with prejudice.

**B.     Plaintiff's claims under the FCRA, 15 U.S.C. § 1681 *et seq.*, should be dismissed because the complaint fails to set forth claims upon which relief can be granted under the statute as a matter of law.**

The Complaint states this with regard to alleged FCRA violations by CPA:

---

[2] In reality, the Plaintiff states in his "Affidavit and Claim" that his claim arise in "2010-2013." Ex. 1 at p. 2, No. 7. Taking this allegation as true, this indicates that CPA began contacting Plaintiff to collect upon the account in 2010. Yet, Plaintiff claims that he made his "request for a verification investigation of my debt made early this year." Ex. 1 at p. 3. As such, he cannot possibly have made this request within 30 days of CPA's initial communication to him.

11

> [T]he defendant did not respond to my request for a verification investigation of my debt made early this year per the FCRA and FDCPA. They continued to collect on my debt. Defendant is responsible for $500+ statutory damages per the FCRA and FDCPA.

(Ex. 1.) The FCRA regulates three categories of entities: credit reporting agencies, furnishers of information to the credit reporting agencies, and users of consumer reports. *Barkho v. Homecomings Financial, LLC,* 657 F. Supp. 2d 857, 864 (E.D. Mich. 2009) (citation omitted). Plaintiff must prove that CPA falls into one of these three categories in order to state a viable claim under the statute. *Id.* As in *Barkho*, the Plaintiff at bar "has failed to identify (1) the section within the Fair Credit Reporting Act that is applicable to the claimed misconduct, and (2) the group under which the Defendant falls." *Id.* Also as in *Barkho*, the Complaint seems to presume CPA falls into the category of "furnisher of information" and, therefore, it is appropriate to argue here as if that is, indeed, the case.[3] The *Barkho* Court stated:

> The obligations of a furnisher are set forth in 15 U.S.C. § 1681s–2, which provides two general categories of responsibility: (1) a duty to provide consumer reporting agencies with accurate information; and (2) duties to conduct investigations and report any inaccurate information upon notice of a dispute by the consumer. 15 U.S.C. § 1681s–2(a) & (b).
>
> Assuming, arguendo, that the Plaintiff intends to invoke the Defendant's obligations as a furnisher of information, there must be an assertion that he provided the credit reporting agencies with an appropriate notice of the dispute, along with a reasonable time to cure the problem, as required by 15 U.S.C. § 1681s–2(a)(1)(D). A furnisher's liability arises only after it fails to conduct a reasonable investigation after receiving notice from a credit reporting agency. 15 U.S.C. § 1681s–2(b).

*Id.* (emphasis added)

The holding in *Elsady v. Rapid Global Business Solutions, Inc.*, concurs, explaining that "there is no private cause of action pursuant to 15 U.S.C. §§ 1681n or 1681o if a furnisher fails to comply with the requirements described [in 15 U.S.C. § 1681s-2]." No. 09-11659, 2010 WL 742900, at *3

---

[3] A "furnisher" of information is defined as an "entity ... which transmits information concerning a particular debt owed by a particular customer to consumer reporting agencies." *Barkho* at 864 citing *Carney v. Experian Info. Solutions, Inc.*, 57 F.Supp.2d 496, 501 (W.D.Tenn.1999).

(E. D. Mich. February 26, 2010). The holding continues, accurately stating that pursuant to 15 U.S.C. § 1681(c)(1)(B), "[o]nly [S]tates may maintain a cause of action against furnishers of information who willfully or negligently violate these requirements." *Id.*

As in *Elsady*, Plaintiff's alleged violations of the FCRA fail on two accounts. First, since this action was brought by a private consumer - Plaintiff - as opposed to a State, it must be dismissed to the extent it relies upon a violation of 15 U.S.C. § 1681s-2(a). *Id.* Second, because Plaintiff has failed to allege that CPA received notice of a dispute from a consumer reporting agency, Plaintiff's action must be dismissed to the extent it relies upon a violation of 15 U.S.C. § 1681s-2(b). *See Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853-54 (6th Cir. 2004) (if it is assumed that a private right of action exists under § 1681s-2(b), the plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed).

Assuming, for the sake of argument, that CPA did receive notice of a dispute from a consumer reporting agency, Plaintiff would still be unable to sustain a private right of action under 15 U.S.C. 1681s-2(b), because Plaintiff has failed to make a bona fide dispute. *In Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009), the Ninth Circuit concluded that:

> [A] furnisher does not report "incomplete or inaccurate" information within the meaning of § 1681s-2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading. It is the failure to report a bona fide dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under § 1681s-2(b).

To determine whether a dispute is bona fide or meritless requires looking at the plain language of 15 U.S.C. § 1681s-2(a)(8)(D), (F).

> "[I]f a consumer does not comply with the submission requirements of § 1681s-2(a)(8)(D), or if a dispute is determined to be frivolous or irrelevant under § 1681s-2(a)(8)(F), the furnisher has no duty to report the debt as disputed under §1681s-2(a)(3) and the furnisher is not subject to liability under § 1681s-2(b).

*Noel v. First Premier Bank*, No. 3:12-CV-50, 2012 WL 832992, at *9 (M.D. Pa. Mar. 12, 2012).

Plaintiff's Complaint here fails to allege a bona fide dispute.[4] Plaintiff has failed in all attempts to: (1) identify the specific information that is being disputed; (2) explain the basis for the dispute; and (3) include any supporting documentation required by the furnisher to substantiate the basis of the dispute. See 15 U.S.C. 1681 § 2(a)(8)(D). Because Plaintiff failed to provide sufficient information for CPA to properly investigate the disputed information, Plaintiff's dispute is meritless. See 15 U.S.C. 1681 § 2(a)(8)(F).

In addition, and importantly, Edward Hurtwitz's Complaint looks regrettably and suspiciously similar to other complaints he and other pro se plaintiffs have filed. Ex. 3. Therefore, as with the FDCPA claims, Plaintiff's FCRA claims should be dismissed under Fed. R. Civ. Proc. 12(b)(6).

C.  **Plaintiff's claims under the TCPA, 47 U.S.C. § 227 *et seq.*, also should be dismissed because the complaint fails to set forth claims upon which relief can be granted under the statute as a matter of law.**

With regard to alleged TCPA violations, the Complaint states: The Complaint states this with regard to alleged FCRA violations by CPA:

> In addition the Defendant continued to call me multiple times on my work and also cell phone which is a direct violation of the TCPA for robo calling. Defendant is responsible for statutory damages for each call made.

Ex. 1 at p.3.

The TCPA does not per se prohibit calls to work or cellular phone numbers. Rather, the act states, in pertinent part:

**(b) Restrictions on use of <u>automated telephone equipment</u>**

(1) Prohibitions

---

[4] The three (3) complaints filed by "Shane Stanek," all removed from Michigan's 36th District Court to this Court, as well as Plaintiff's two complaints filed against Merchants Association Collection Division and Second Round, also pending in the Eastern District of Michigan, all suffer from the insufficiencies elaborated above. Ex. 3. The nearly identical nature of these suits indicates *if* plaintiff actually made any disputes at all they were pro forma, insufficient, and not bona fide disputes. Ex. 3.

130675609v1 0951733

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) <u>using any automatic telephone dialing system or an artificial or prerecorded voice</u> ---

> (iii) to any telephone number assigned to a paging service, <u>cellular telephone service</u>, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; or

\* \* \*

(D) <u>to use an automatic telephone dialing system in such a way that two or more telephone lines of a multi-line business are engaged simultaneously</u>.

47 U.S.C. § 227(b)(1)(emphasis added).

Plaintiff's Complaint concludes that CPA violated the TCPA's prohibition of "robo" calls by alleging simply that calls were made to Plaintiff's work and cellular phone. Plaintiff fails to allege that any of the alleged calls:

> 1) were made using an automatic telephone dialing system ("ATDS")[5] or an artificial prerecorded voice; and/or
>
> 2) resulted in two or more lines of a multi-line business are engaged simultaneously.

Moreover, the Complaint does not include factual support upon which the Court could base an inference that these key technologies were used or that the "multiline engagement" occurred. Plaintiff's Complaint gives absolutely no details about the alleged calls. Even if this Court was inclined to stretch the Complaint's contents beyond the bounds of reasonable interpretation in order to avoid granting this Motion, there is no such content to stretch with regard to these matters – merely silence.

---

[5] The TCPA defines an automatic telephone dialing system ("ATDS")as "equipment which has the capacity to (A) store and produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). *Pugliese v. Prof'l Recovery Serv., Inc.*, No. 09-12262, 2010 WL 2632562, at \*6 (E.D. Mich. June 29, 2010).

15

With regard to alleged TCPA violations, the Complaint tenders only "... 'naked assertion[s]' devoid of 'further factual enhancement[,]'" that *Iqbal, supra* explicitly states do not suffice. Therefore, like the FDCPA and FCRA claims, Plaintiff's TCPA claims should also be dismissed with prejudice under Fed. R. Civ. Proc. 12(b)(6).

## VII. CONCLUSION

Defendant CREDIT PROTECTION ASSOCIATION, LP requests this Court dismiss Plaintiff's Complaint with prejudice because the Complaint fails to state a cause of action upon which relief can be granted, and because Plaintiff has not pled facts from which a claim can be established. Defendant CREDIT PROTECTION ASSOCIATION, LP also requests its attorneys' fees and costs incurred in filing the instant motion to dismiss Plaintiff's boilerplate and baseless complaint which he filed against two other debt collectors on the same date.

Dated: October 24, 2013

Respectfully submitted,

CREDIT PROTECTION ASSOCIATION, LP, Defendant

By: /s/ Avanti D. Bakane
Justin M. Penn
Avanti D. Bakane
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
Tel: 312-704-3000
Fax: 312-704-3001
E-mail: abakane@hinshawlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2013, I electronically filed the with the Clerk of the U.S. District Court, Eastern District of Michigan, the foregoing **Defendant's Motion to Dismiss** by using the CM/ECF system, which will send notification of such filing(s) to all attorneys of record and via U.S. Mail, First Class to all non-attorneys:

Edward Hurtwitz
2228 Rochester Court
Troy, MI 48083

Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300         /s/ Avanti D. Bakane
Chicago, IL 60601
Tel:   312-704-3000
Fax:   312-704-3001

130675609v1 0951733