UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD HURTWITZ,

    Plaintiff,

vs.                                                                     Case No. 13-14392

CREDIT PROTECTION ASSOCIATION,            HON. AVERN COHN

    Defendant.
_____/

**<u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 6)
AND
DISMISSING CASE</u>**[1]

I.

This is a debt collection case. Plaintiff, proceeding <u>pro se</u>, filed a complaint in state district court contending that defendant violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Defendant removed the case to federal court. Before the Court is defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the motion will be granted and the case will be dismissed.

---

[1]The Court deems this matter appropriate for decision without oral argument. <u>See</u> Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

II.

Plaintiff's complaint[2] reads in full:

> For my two accounts (act#'s 1372892557 & 1483356711), the defendant (Credit Protection Association) did not respond to my request for verification investigation of my debt made early this year er the FCRA and FDCPA. They continued to collect ton my debt. The Defendant is responsible for $500+ statutory damages per the FCRA and FDCPA. In addition they Defendant called me multiple times on my work and also cell phone which is direct violation of the TCPA for robo calling. Defendant is responsible for statutory damages for each call made.

Defendant filed a motion to dismiss on the grounds that the complaint fails to state a plausible claim upon which relief may be granted.

III.

Plaintiff has not responded to defendant's motion.[3] The law in this circuit is not clear on whether a failure to respond to a dispositive motion constitutes a sufficient

---

[2]Plaintiff filed virtually identical complaints in state district court against two other defendants, Second Round LP, and Merchants Association Collection Division, Inc. The defendants in these cases removed them to federal court. The cases were assigned to separate district judges. See case nos. 13-14282, 13-14389. The defendants in each case filed dispositive motions. On November 26, 2013, the district court granted Merchants Association Collection Division, Inc.'s motion for summary judgment. In that case, like this case, plaintiff did not file a response to defendant's motion. See Doc. 6 in case no. 13-14282. A motion to dismiss is still pending in plaintiff's case against Second Round LP, with a response due by December 12, 2013. See Doc. 9 in case no. 13-14389.

[3]Defendant's motion was filed on October 24, 2013. Under the local rules, plaintiff's response was due within 21 days after service, on or about November 18, 2013. On October 25, 2013, the Court entered an order requiring a response to the motion be filed on or before November 25, 2013. To date, plaintiff has not filed a response.

ground for granting the motion.  In Carver v. Bunch, 946 F.2d 451, 453-54 (6th Cir.1991), the court of appeals held that it is an abuse of discretion for a district court to dismiss under Fed. R. Civ. P. 12(b)(6) solely because the plaintiff failed to respond to a motion to dismiss unless the failure rises to the level of a failure to prosecute.  The Sixth Circuit has also held that a failure to respond to a motion to dismiss will be grounds for granting the motion.  See Scott v. State of Tennessee, 878 F.2d 382, 1989 WL 72470, *2 (6th Cir.1989) (unpublished table decision) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); Humphrey v. United States Attorney General's Office, 2008 WL 2080512, *3 (6th Cir. 2008).  While plaintiff's failure could be considered a failure to prosecute, see n. 3, supra,  the Court declines to grant defendant's motion on these grounds.

Rather, the Court has reviewed defendant's motion and finds it to be well-taken.  As fully explained in the brief, the complaint fails to state a claim for relief under the FDCPA, the FCRA or the TCPA.  Accordingly, defendant's motion is GRANTED.  This case is DISMISSED.

SO ORDERED.

    s/Avern Cohn  
UNITED STATES DISTRICT JUDGE

Dated:  December 3, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 3, 2013, by electronic and/or ordinary mail.

    s/Carol Bethel for Sakne Chami  
Case Manager, (313) 234-5160